## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAYMI E. KYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CV-1780-SMY-RJD |
| | ) |
| JAMES A. VEACH, ANTHONY JAMES VEACH, RANDY JEFFREY, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX GROUND PACKAGE SYSTEM, FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, TAGGART TRUCKING INC., TAGGART TRANSPORTATION COMPANY, and TAGGART TRANSPORTATION | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("it is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case"). For the following reasons, this case is **REMANDED** to the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois.

Plaintiff Jaymi Kyle filed this action in St. Clair County, Illinois seeking damages against Defendants James Veach, Anthony Veach, Randy Jeffrey, FEDEX Ground Package System, Inc., FEDEX Ground Package System d/b/a FEDEX Ground, FEDEX Corporation, Federal Express Corporation, Taggart Trucking, Inc., Taggart Transportation Company, and Taggart Transportation. Plaintiff asserts negligence claims in relation to a car accident that occurred on I-64 in St. Clair County, Illinois (Doc. 1-1).

On October 1, 2018, Defendant Taggart Transportation Company ("TTC") removed the action to this Court asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332; none of the remaining Defendants consented to removal (Doc. 1). In support of the Notice of Removal, TTC sets forth the citizenship of some, but not all, of the parties: Plaintiff is alleged to be a citizen of Illinois; Defendant FEDEX Ground Package System, Inc. is alleged to be a citizen of Delaware and Pennsylvania; Defendant TTC is alleged to be a citizen of Minnesota and Tennessee; Defendant Veach is alleged to be a resident of Missouri; and Defendant Jeffrey is alleged to be a resident of Tennessee.

A defect in the removal procedure requires remand of an action to state court. 28 U.S.C. § 1447(c). The propriety of removal is to be strictly construed against removal, with all doubts resolved in favor of remand. *See People of the State of Ill. v. Kerr-McGee Chem. Corp.,* 677 F.2d 571, 576 (7th Cir. 1982).

All defendants must either join in or consent to a notice of removal within the 30-day period provided by 28 U.S.C. § 1446. *McMahon v. Bunn-O-Matic Corp.,* 150 F.3d 651, 653 (7th Cir. 1998). A Notice of Removal is facially defective if it is not joined by all defendants or fails to explain why all defendants have not consented. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir. 1993). In order to "join" the petition for removal, defendants must support it in writing or explain why written support is unnecessary. *Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir. 1994) (citing *Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272-73 (7th Cir. 1982)).

This case became removable on at least September 12, 2018, when TTC was served with the Summons and Complaint (Doc. 1, p. 2). Thus, pursuant to 28 U.S.C. § 1446(b), TTC had thirty days – until October 12, 2018 – to file a proper Notice of Removal. TTC removed the case on

October 1, 2018. While no other Defendant consented to removal, at least several defendants were served prior to removal.[1] TTC does not explain why the other defendants did not consent.

Additionally, TTC did not state the citizenship of FEDEX Ground, FEDEX Corporation, Federal Express Corporation, Taggart Trucking, Inc., or Taggart Transportation and its statement as to the residence of Defendants Veach and Jeffrey are obviously deficient. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824–25 (7th Cir. 2013) ("The removing defendant has the burden of proving the jurisdictional predicates for removal."); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001) ("An allegation of residency, however, is insufficient to establish diversity jurisdiction."). No amendment to the Notice of Removal has been timely made.

For the foregoing reasons, the Court finds that the removal is defective and that remand is warranted under 28 U.S.C. § 1447(c). Accordingly, the case is hereby remanded back to the Circuit Court for the 20th Judicial Circuit, St. Clair County, Illinois. The Clerk of Court is **DIRECTED** to close this case and all pending motions are terminated as **MOOT**.

**IT IS SO ORDERED.**

**DATED: February 28, 2019**

                                             **s/ Staci M. Yandle**
                                             **STACI M. YANDLE**
                                             **United States District Judge**

---

[1] The Court takes judicial notice of the St. Clair County, Illinois Court Records Search (*See* Doc. 14-1).